**37**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

John E. Price #679054,

        Plaintiff **Pro Se**,

vs.

Case: 2:10-cv-14224
Judge: Borman, Paul D
MJ: Whalen, R. Steven
Filed: 10-21-2010 At 02:05 PM
PRIS PRICE V COX, ET AL (EB)

(1)   MIKE COX
     (ATTORNEY GENERAL),

(2)   KATHLEEN A. GARDINER,

(3)   DANIEL J. KELLY,

(4)   ROBERT J. KLEINE
     (STATE TREASURER),

(5)   VICTORIA REARDON,

(6)   STANDARD INSURANCE COMPANY,

(7)   MICHIGAN DEPT. OF TREASURY,

        Defendants.
_____/

**CIVIL RIGHTS COMPLAINT**

**1.   INTENTIONAL INTERFERENCE
WITH FUNDAMENTAL CIVIL RIGHTS**
BIVENS V 6 UNKNOWN AGENTS
ARTICLE I, § 10 USCA
AMENDMENT 1 USCA
AMENDMENT 4 USCA
AMENDMENT 5 USCA
AMENDMENT 8 USCA
AMENDMENT 14 USCA
28 USC 1331
28 USC 1343
28 USC 1367
42 USC 2000d-7
42 USC 12202 **et seq.**

**2.   DEPRIVATION OF FUNDA-
MENTAL CIVIL RIGHTS**
28 USC 1343
42 USC 1981
42 USC 1982
42 USC 1983
42 USC 1985
42 USC 1986

**3.   DECLARATORY RELIEF**
28 USC 2201 **et seq.**

**4.   CONVERSION OF PERSONAL
PROPERTY**

**5.   DEPRIVATION OF ADA AND
ERISA RIGHTS**
29 USC 791 **et seq.**
29 USC 794a
42 USC 2000d
42 USC 2000d-7
42 USC 12101 **et seq.**
42 USC 12201 **et seq.**

**6.   RACKETEER INFLUENCE &
CORRUPT ORGANIZATION**
18 USC 1961 **et seq.**

## PRIOR CIVIL ACTIONS

I.    A.    Plaintiff John E. Price has filed no prior civil actions in State or Federal court while in prison.

I.    B.    Plaintiff, by previously having filed this complaint in form of administrative grievances. which were denied at Steps I, II and III of MDOC grievance process, Warden's Forum and/or other State administrative procedures has satisfied pre-filing requirements of Prison Litigation Reform Act, 42 U.S.C. §1997e(a).

II.    Plaintiff was confined at OAKS CORRECTIONAL FACILITY from MARCH    . 2008 to MARCH    . 2010. Plaintiff was confined at MOUND CORRECTIONAL FACILITY from MARCH __, 2010 to present, in Wayne County. This was all as a State of Michigan prisoner, within the State of Michigan. Actions herein originated in St. Clair County, Michigan.

III. **Parties:**

A.   Plaintiff:

Name of Plaintiff:  John E. Price # 679054

Address:  17601 Mound, Detroit, Michigan 48212

Phone:    (313) 368-8300 (info desk)

B.   **Defendants:**

NAME OF DEFENDANT #1:    MIKE COX

POSITION OR TITLE:  ATTORNEY GENERAL OF MICHIGAN

PLACE OF EMPLOYMENT:    MICHIGAN OFFICE OF ATTORNEY GENERAL

ADDRESS:  P.O. Box 30212, Lansing, Michigan 48909

PHONE:    (517) 373-1110

SUED IN:  OFFICIAL CAPACITY

NAME OF DEFENDANT #2:    KATHLEEN A. GARDINER

POSITION OR TITLE:  ASSISTANT ATTORNEY GENERAL

PLACE OF EMPLOYMENT:    MICHIGAN OFFICE OF ATTORNEY GENERAL

ADDRESS:  3030 W. Grand Blvd., Suite 10-200, Detroit. Michigan 48202

SUED IN:  OFFICIAL AND PERSONAL CAPACITY

## III. Parties (continued):

NAME OF DEFENDANT #3:    DANIEL J. KELLY

POSITION OR TITLE:  CHIEF COUNTY CIRCUIT COURT JUDGE

PLACE OF EMPLOYMENT:    ST. CLAIR COUNTY CIRCUIT COURT

ADDRESS:  201 McMorran Blvd., Port Huron,
          Michigan 48060-4082

PHONE:    (810) 985-2060

SUED IN:  OFFICIAL CAPACITY


NAME OF DEFENDANT #4:    ROBERT J. KLEINE

POSITION OR TITLE:  MICHIGAN STATE TREASURER

PLACE OF EMPLOYMENT:    MICHIGAN OFFICE OF STATE TREASURER

ADDRESS:  430 W. Allegan, Lansing, Michigan 48922

PHONE:    (517) 373-3223

SUED IN:  PERSONAL CAPACITY


NAME OF DEFENDANT #5:    VICTORIA A. REARDON

POSITION OR TITLE:  ASSISTANT ATTORNEY GENERAL

PLACE OF EMPLOYMENT:    MICHIGAN OFFICE OF ATTORNEY GENERAL

ADDRESS:  3030 W. Grand Blvd., Suite 10-200,
          Detroit, Michigan 48202

PHONE:    (313) 465-0140

SUED IN:  OFFICIAL AND PERSONAL CAPACITY


NAME OF DEFENDANT #6:    STANDARD INSURANCE COMPANY

POSITION OR TITLE:  RETIREMENT FUND CONTRACTOR FOR RYDER
                    DEDICATED LOGISTICS

PLACE OF EMPLOYMENT:    A COMPANY or CORPORATION

ADDRESS:  900 SW Fifth Ave., Portland, OR 97204-1235

PHONE:    (800) 368-1135

SUED IN:  PERSONAL CAPACITY


NAME OF DEFENDANT #7:    MICHIGAN OFFICE OF STATE TREASURER

POSITION OR TITLE:  STATE DEPARTMENT

PLACE OF EMPLOYMENT:    STATE OF MICHIGAN

ADDRESS:  430 W. Allegan, Lansing, Michigan 48922

PHONE:    (517) 373-3223

SUED IN:  OFFICIAL CAPACITY

III. C.    **Jurisdiction and Venue:**

This Court is authorized to hear federal questions under 28 USC §1331, civil cases brought under 42 USC §1983 by 28 USC §1343(a), to decide concurrent State questions on same state of facts under 28 USC §1367(a), for diversity jurisdiction under 28 USC §1332, for declaratory ruling under 28 USC §§2201 et seq., to enforce ERISA pension rights under 29 USC §§ 794a and 1132(a)(1), to enforce disability rights under 42 USC §§ 12133 and 12202, 28 USC § 1441 which allows removal from State court, and RICO claims under 18 USC §§ 1961 **et seq.**

Unlawful actions of defendants occurred at OAKS ( County) and MOUND (Wayne County) CORR. FACILITY(S), the MICHIGAN OFFICE OF ATTORNEY GENERAL in Detroit, the MICHIGAN DEPT. OF CORRECTIONS CENTRAL OFFICE in Ingham County, the MICHIGAN DEPT. OF TREASURY in Lansing, and the St. Clair County Courthouse in Port Huron; all in the State of Michigan, in the STANDARD INSURANCE OFFICE in the State of Oregon, and between said States. Issues herein are capable of repetition and ongoing. Accordingly, venue is in the Eastern District.  28 USC §1391.

This action is on civil liability of public officials who, while under color of law and their office, acted without jurisdiction, and by extortionate acts and conduct, violated both Federal Americans With Disabilities Act (**ADA**) and Employee Retirement Income Security Act (**ERISA**) statutes and State corruption laws, have and are attempting to hinder and prevent Plaintiff from exercising his rights under the **ADA** and **ERISA**, by confiscating and taking custody of his retirement pension, without the Court having jurisdiction to render decision thereon.

Defendants, in open consort with each other and with other unknown Defendants, seized assets that were Plaintiff's wholly in Federal jurisdiction only, and made illegal ORDERS thereon, for Plaintiff's property not subject to jurisdiction of State Court, and confiscated his disability pension which is exempt from execution; all in knowing violation of both State and Federal laws.

4

## IV.   Statement of Facts:

### FACTUAL ALLEGATIONS I

### ALIENATION OF RETIREMENT PENSION - CASE 09-1289-CZ

1.   Not claim herein but proof of knowing wrongful act:  On 27 APRIL 2006, In **DaimlerChrysler Corp. v Cox**, 447 F3d 967 (6th Cir, 2006), Defendant REARDON was told by the Court that she and the State of Michigan could not use the State Corr. Facility Reimbursement Act (MCL 800.403 **et seq.**, hereinafter **SCFRA**) to encumber and confiscate **ERISA** (29 USC 791 **et seq.**) pension funds of prisoners held in Michigan correctional facilities. (Plaintiff has no access to Title 29 U.S. Code because it was taken out of the PRISON libraries.)

2.   Therefore, based on collateral estoppel, Defendants COX, KLEINE, MICHIGAN DEPT. OF TREASURY and REARDON could not lawfully encumber and confiscate Plaintiff's ERISA protected pension in issue herein.

3.   Plaintiff has never waived his **ERISA** nor **ADA** (42 USC 12101 **et seq.**) rights to his retirement pension in issue herein.

   a.   He repeatedly asserted antialienation rights.

   b.   He never had his pension funds sent to **MDOC**.

4.   On or before 14 MAY 2009, Defendants COX, KLEINE, MICH. TREASURY and REARDON learned Plaintiff had a disability and retirement pension, then said Defendants and/or another State actor told Defendant STANDARD INSURANCE COMPANY to send Plaintiff's ERISA pension to the Freeland, Michigan accounting office of the Michigan Dept. of Corrections (hereinafter **MDOC**).

5.   Defendant STANDARD had a lawful duty under the antialienation clause of ERISA and its pension contract with Plaintiff to not send the pension funds to the **MDOC**.

6.   Subsequently, upon **MDOC** receiving the pension funds of $13,120, Defendants KLEINE as complainant and REARDON as an affiant, claiming the complaint to be truthfully based on law and fact, filed civil complaint in the St. Clair County Circuit Court before Defendant Judge Kelly, Case No. 09-1289-CZ (**Exhibit A**).

5

7. Directing Plaintiff's pension funds to **MDOC** accounting and/or encumbering them with the false court case was RICO predicate act by Defendants COX, KLEINE, MICH. TREASURY, REARDON and/or OTHER STATE STAFF.

    a. Plaintiff believes **DaimlerChrysler** cited acts of said Defendants were a RICO predicate act somehow relevant here.

    b. Defendant COX previously voiced his intent to harm prisoners in any way he could get away with.

8. Plaintiff, because of disability caused from accident and diabetes, as well as no legal training and resources, could not meaningfully represent CASE #1289. Defendant Kelly did not appoint counsel to assist contrary to **ADA**.

9. Plaintiff believes he filed NOTICE OF REMOVAL to Federal Court in CASE #1289, under Title 28 U.S. Code §1441 **et seq.**, but the documents disappeared between the prison mailbox and court. He was not able to access with Federal complaint in #1289 because of this and lack of legal research materials.

10. On 22 OCTOBER 2009, Defendant Kelly ignored the **ADA** and **ERISA** to ORDER 90-percent (90%) of the $13,120 retirement pension in issue here confiscated in #1289 (**Exhibit B**).

    a. The Court lacked jurisdiction to render any such order, as the Court had no authority to order an irrevocable transfer of exempt personal property.

    b. Shortly thereafter, Defendant COX paid Defendant REARDON $2,410 or more bonus for taking Plaintiff's **ERISA** pension which came therefrom. COX and/or REARDON acted for personal gain with malicious intent.

    c. This was RICO predicate act of REARDON **et al.**

11. Under Supremacy Clause and Oath, Defendants COX, KELLY, KLEINE and REARDON knew the **ERISA** law, had the duty and authority to adhere to and follow it, but refused to adhere to and follow it regarding Plaintiff's **ERISA** funds.

12. Defendant KELLY should reopen CASE #1289 and return said funds to Defendant STANDARD, because **SCFRA** cannot preempt the **ADA** and **ERISA**, never again to be encumbered by the State.

13. Acts and omissions of these Defendants deprived Plaintiff of rehabilitation training, medical care, intimate personalty and other necessities, which the pension was contracted and funds dedicated to provide, which the State does not provide, and inability to pay over $33,000 in personal debts.

    a. This has caused Plaintiff severe physical and mental pain and suffering, and fear for his life through lack of needed care which Plaintiff believes has injured him in an amount in excess of $200,000.

    b. Plaintiff was treated different than others.

## FACTUAL ALLEGATIONS II

### NOTICE OF REMOVAL CASE:
### ALIENATION OF RETIREMENT PENSION, CASE 10-0183-CZ

14. Paragraphs 1 through 13 incorporated by reference and fully restated herein.

15. Not a claim herein but proof of knowing wrongful act: On 24 MARCH 2008, in **Gale v General Motors**, 556 F Supp 2d 689 (ED Mich. 2008), Defendants COX, KLEINE and GARDINER were ORDERED they and the State of Michigan could not use **SCFRA** to encumber and confiscate **ERISA** pensions of prisoners held in Michigan prisons. (Title 29 is not in prison libraries.)

16. Therefore, based on **collateral estoppel**, Defendants COX, KLEINE, MICHIGAN DEPT. OF TREASURY and GARDINER could not lawfully encumber and confiscate Plaintiff's **ERISA** protected pension in issue herein.

17. Plaintiff's pension, contracted with Defendant STANDARD INSURANCE COMPANY by his former employer, is in part a disability pension under the **ADA** for an on-the-job accident, and in part retirement pension from his employer. The disability pension is intended for his physical and job retraining and rehabilitation. All of this is under **ERISA**.

18. Plaintiff has never waived his **ADA** nor **ERISA** rights, repeatedly asserted antialienation rights to his retirement pension is issue herein, and these funds were never sent to **MDOC**.

19. On 22 JANUARY 2010, Defendants COX, KLEINE, MICH. TREASURY and GARDINER filed another civil complaint in the St. Clair County Circuit Court with intent to encumber another $6,600 of Plaintiff's ERISA pension held by Defendant STANDARD, CASE No. 10-0183-CZ. These Defendants also made EX PARTE MOTION to encumber said ERISA funds and to appoint Defendant STANDARD as receiver therefor (Exhibit C).

 a. KLEINE and complainant and GARDINER as an affiant claimed complaint was truly based on law and fact but it was not.

 b. COX indicated GARDINER will receive bonus in excess of $7,500, for encumbering Plaintiff's ERISA funds, to be paid from said ERISA funds in addition to normal pay.

 c. This is a RICO predicate act on part of GARDINER and furtherance of the RICO acts of other Defendants.

20. Plaintiff believes the civil complaint was a result of these Defendants threatening Defendant STANDARD to give information of the ERISA pension to which they had no right.

 a. Defendant STANDARD had a lawful duty to not give information of Plaintiff's ERISA pension to Defendants.

21. On 26 JANUARY 2010, as result of said Defendants' motion, Defendant KELLY issued an EX PARTE ORDER appointing Defendant STANDARD as receiver of Plaintiff's ERISA funds (Exhibit C).

 a. This alienated the funds contrary to ERISA.

 b. Plaintiff believes the amount of this ERISA pension held to now be in excess of $30,000.

 c. This was done without giving Plaintiff notice and opportunity to defend which Plaintiff believes violates law.

 d. KELLY again did not appoint counsel for Plaintiff. KELLY knew of Plaintiff's disability as his criminal trial JUDGE.

22. On 04 MARCH 2010, the PRISON signed for the complaint in #0183 which was about a week later given to Plaintiff. On 30 MARCH 2010, he timely filed NOTICE OF REMOVAL to Federal Court (Exhibit D).

 a. At this time, Defendants had Plaintiff transferred from prison to prison so he could not timely answer complaint.

23. On 14 JULY 2010, Defendant KELLY ordered mediation hearing in #1083 but required Plaintiff to pay $75 in fees which he did not have because it was encumbered by Defendants, thereby depriving Plaintiff of right and opportunity to defend at the hearing so the State court could get away with anything it wants.

a. This was contrary to Law of the Land as defined in **Boddie v Connecticut**, 401 US 371 (1971).

24. KELLY, having presided over Plaintiff's criminal trial, should have **sua sponte** certified his disqualification for bias from the civil matters addressed herein.

a. These were the **"mob-dominated court"** described in **Shelley v Kraemer**, 334 US 1 (1948).

b. KELLY was effectively imposing another sentence on Plaintiff contrary to the Double Jeopardy Clause.

25. On 31 AUGUST 2010, Defendants COX, GARDINER and KLEINE sent to the prison an unnamed emissary who threatened to take everything Plaintiff owns if Plaintiff did not immediately sign waiver of his **ERISA** rights while the emissary handed Plaintiff said waiver that is **Exhibit E.**

a. This was **retaliation** for Plaintiff asserting his **ADA, ERISA** and other rights in said civil cases.

b. This terrified and intimidated Plaintiff with threats of likely possible further **retaliation** for his assertion and exercise of lawful rights under the **ADA** and **ERISA.**

26. At this date, the attempt to encumber Plaintiff's **ERISA** pension is ongoing, Defendants continue to act in consort to deprive Plaintiff of equal protection, procedural and substantive due process, other rights, and Defendants continue **RICO** acts contrary to Constitution and law.

27. The term jurisdiction means "judicial power to hear and determine a matter". Plaintiff claims Defendants acted and are acting under color of their office and of the law, but at all times during abovesaid rulings and actions were without jurisdiction over the matters before the State Court.

a. Said **retaliation** was also without jurisdiction.

28. Plaintiff is terrified, unduly harmed in his person, property and business, where Defendants COX, GARDINER, KELLY, KLEINE, REARDON and MICHIGAN TREASURY have deprived him of much of ability to care for his physical and mental well-being and rehabilitation from disability, that the State does not do, where Defendants are in fact subjecting him to **Imminent Danger of Further Severe Physical Injury or Premature Death**, and defaming his reputation by leaving him without means to pay large personal debts and in other matters. Plaintiff believes his injury to be in excess of $200,000.

## FIRST CLAIM FOR RELIEF
## INTENTIONAL INTERFERENCE WITH CIVIL RIGHTS

29. All prior paragraphs incorporated by reference and fully restated herein. 42 USC §§ 2000d-7, 12202.

30. Defendants acted together, and Plaintiff believes and alleges, for receipt of money paid to Defendants GARDINER, REARDON and OTHERS by Defendant COX at least in part from Plaintiff's **ERISA** pension and the complaint initiated by Defendant KLEINE, by encumbering and confiscating Plaintiff's property held in **ADA** and **ERISA** pension(s) not properly before the State Court, preventing and hindering Plaintiff in exercise of his rights under Article I, § 10, and 1st, 4th, 5th, 8th and 14th Amendments of U.S. Constitution, depriving Plaintiff of intimate personalty and ability to care for himself which the State does not provide and for extended periods of time; all violating Federal and State Law.

    a. Their Retaliation is without immunity.

31. By virtue of **Bradley v Fisher**, 13 Wall 335, 80 US 335, 20 L Ed 646 (1871), the immunity of Judges from civil liability may be pierced where they act without jurisdiction.

    a. Plaintiff believes Defendants Atty. Gen. COX and/or Judge KELLY may be sued in personal capacity and requests leave to so amend complaint, if applicable.

32. Judge KELLY acted in bad faith and without jurisdiction to render his respective orders, and his judicial immunity is thereby pierced. 42 USC §§ 2000d-7, 12202.

## SECOND CLAIM FOR RELIEF
### CONSPIRACY TO PREVENT THE EXERCISE OF CIVIL RIGHTS

33. All prior paragraphs incorporated by reference and fully restated herein.

34. The Defendants have conspired together to intimidate Plaintiff by using the massive coercive appearance and power of the State, wrongfully preventing him from obtaining meaningful defense in said cases and criminal postconviction remedy, by coercing and threatening him, with extortionate threats intended to force him to assign his ERISA pension to Defendants, and in encumbering and confiscating his personal, sole and separate property contrary to antialienation rights, leaving him penniless and at the mercy of Defendants.

35. Plaintiff has been harassed, and has been subjected to deep and severe emotional distress, humiliation, mortification, and anxiety, all to his general damage and injury, and in an amount not easily subject to determination but believed to be in excess of $1,000,000.

36. The acts of the Defendants were willful, wanton, intentional, and were calculated to injure Plaintiff in the free exercise and enjoyment of his Constitutional rights. Such acts were and are oppressive, malicious, and fraudulent, and Plaintiff is entitled to and seeks exemplary damages of $1,000,000 from each Defendant liable for such damages.

## THIRD CLAIM FOR RELIEF
### DECLARATORY RELIEF

37. All prior paragraphs incorporated by reference and fully restated herein.

38. Plaintiff and Defendants are in the midst of a controversy arising by virtue of Defendants' conduct while they were acting under color of their respective offices and of the law. For example:

11

a. Defendants believe they can initiate a civil complaint and encumber **ERISA** pension of a State prisoner when the prisoner did not waive his **ERISA** rights, asserts his antialienation rights, and never asked for his funds to be sent to the State prison.

b. Defendants believe they can make judgment on Federal questions without applying Federal law.

c. Defendants JUDGE and ATTORNEY GENERAL believe that judicial and quasijudicial immunity protects them from liability when they act outside jurisdiction of their office.

39. Plaintiff says:

a. The State Treasurer and Defendants may not initiate civil complaint and encumber **ERISA** pension of a State prisoner when the prisoner did not waive his **ERISA** rights, asserts his antialienation rights, and never asked for his funds to be sent to the State prison.

b. Defendants cannot make judicial decisions on Federal questions without applying Federal law.

c. A JUDGE and ATTORNEY GENERAL do not have judicial and quasijudicial immunity when they act outside jurisdiction of their office and are liable therefor.

40. Plaintiff requests a judgement declaring the rights, duties, and obligations of the several parties.

## FOURTH CLAIM FOR RELIEF
### CONVERSION OF PERSONAL PROPERTY

41. All prior paragraphs incorporated by reference and fully restated herein.

42. Defendants have converted, by their illegal actions and/or conspiracy, assets of Plaintiff which include his **ERISA** pension checks, at a value in excess of $100,000.

43. By virtue of Defendants' conduct, Plaintiff has been damaged and injured in the amount of actual damages of $100,000.

44. Plaintiff has been harassed, and has been subjected to deep and severe emotional and physical distress, humiliation, mortification, and anxiety, all to his general damage and injury, and in an amount not easily subject to determination but believed to be in excess of $1,000,000.

45. The acts of Defendants were willful, wanton, intentional, and were calculated to injure Plaintiff in the free exercise and enjoyment of his Constitutional rights. Such acts were and are oppressive, malicious, and fraudulent, and Plaintiff is entitled to and seeks exemplary damages of $1,000,000 from each Defendant liable for such damages.

## FIFTH CLAIM FOR RELIEF
### DEPRIVATION OF CIVIL AND ERISA RIGHTS

46. All prior paragraphs incorporated by reference and fully restated herein. 42 USC 2000d, 2000d-7.

47. The State and Defendants have no immunity where, by virtue of their acts and omissions, they deliberately and knowingly violated the **ADA**. 42 U.S.C. §§ 2000d-7, 12202

48. Defendants violated §§ 2000d and 12101 **et seq.** of **ADA** by depriving Plaintiff of **ADA** pension needed to provide for himself the necessities for his care and rehabilitation which the State does not provide. Things which his family could use the pension to obtain for Plaintiff and that the State would allow Plaintiff to purchase if he had funds. The State deliberately ignores rehabilitation and/or care of disabled persons.

49. Defendants deprived Plaintiff of rights proscribed by Title 29 U.S. Code, §§ 791 **et seq.** when they deliberately engaged in acts and omissions intended to and that did alienate his **ERISA** pension which could, **inter alia**, accumulate for his release from prison and be used to care for his family members who are beneficiaries thereof.

50. By virtue of Defendants' conduct, Plaintiff has been damaged and injured in the amount of actual damages of $100,000.

51. Plaintiff has been harassed, and has been subjected to deep and severe emotional and physical distress, humiliation, mortification, and anxiety, all to his general damage and injury, and in an amount not easily subject to determination but believed to be in excess of $1,000,000.

52. The acts of Defendants were willful, wanton, intentional, and were calculated to injure Plaintiff in the free exercise and enjoyment of his Constitutional rights. Such acts were and are oppressive, malicious, and fraudulent, and Plaintiff is entitled to and seeks exemplary damages of $1,000,000 from each Defendant liable for such damages.

## SIXTH CLAIM FOR RELIEF

## RACKETEERING DAMAGES, RACKETEER INFLUENCE & CORRUPT ORG.

53. All prior paragraphs incorporated by reference and fully restated herein.

54. The Defendants have acted together in a criminal syndicate and enterprise, for the purpose of impeding Plaintiff's civil liberty interests. 18 USC 1961 et seq.

55. The Defendants have used extortionate tactics, as defined by Federal and State law, to intimidate parties and witnesses.

56. There have been at least two such acts as defined above within the past six months.

57. Plaintiff has been damaged and injured in the intentional interference with his fundamental civil rights, by Defendants acting together in enterprise, and he is entitled to special damages of $1,000,000 from each Defendant liable for such damages.

58. Plaintiff has been made to suffer deep and severe emotional distress, anxiety, humiliation, mortification, all to his general damage of $1,000,000 from each Defendant liable for such damages.

14

59. The acts and omissions of Defendants were willful, wanton, and in reckless disregard for his financial well-being, and are and constitute acts of oppression, fraud and malice so as to justify an award of exemplary damages.

60. By virtue of Defendants' willful, wanton, oppressive, fraudulent and malicious acts as defined above, and their reckless disregard for Plaintiff or his fundamental rights, Plaintiff is entitled to and seeks exemplary damages of $1,000,000 from each Defendant liable for such damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment for:

a.   Actual damages in excess of $100,000;

b.   General damages of $1,000,000;

c.   Exemplary damages of $1,000,000 from each Defendant liable;

d.   Special damages of $1,000,000 from each Defendant liable;

e.   Restraining order enjoining the Defendants from all further actions or hearing in State Court;

f.   An order decreeing the obligations, duties, and rights of the respective parties;

g.   Costs;

h.   Attorney fees as they may be appropriate;

i.   An ORDER vacating all orders from the St. Clair County Circuit Court encumbering Plaintiff's **ADA** and **ERISA** funds;

j.   Such other and further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

JOHN E. PRICE #679054
17601 Mound
Detroit, Michigan 48212
DATED:  01 OCTOBER 2010          (313) 368-8300

### AFFIDAVIT

I, John E. Price, certify under penalty of perjury the foregoing is true to my knowledge and belief.  26USC1746.

DATED:  01 OCTOBER 2010          John E. Price, Affiant

STATE OF MICHIGAN
CIRCUIT COURT FOR THE 31ST JUDICIAL CIRCUIT
ST. CLAIR COUNTY

A

STATE TREASURER,

            Plaintiff,

v

JOHN E. PRICE, JR., #679054 and
STANDARD INSURANCE COMPANY,

            Defendants.

_____/

Case No. 09-001289-CZ

Hon. Daniel J. Kelly

| | |
|---|---|
| MICHAEL A. COX<br>Attorney General | JOHN E. PRICE, JR. #679054<br>Oaks Correctional Facility<br>1500 Caberfae Highway |
| VICTORIA A. REARDON (P41682)<br>Assistant Attorney General<br>Cadillac Place<br>3030 W. Grand Blvd., Ste. 10-200<br>Detroit, MI  48202<br>(313) 456-0140<br>(313) 456-0291-Fax<br>Attorneys for Plaintiff | Manistee, MI  49660<br>Defendant – In Pro Per<br><br>STANDARD INSURANCE COMPANY<br>900 SW Fifth Avenue<br>Portland, OR  97204-1235<br>(800) 368-1135<br>(971) 321-5109-Fax<br>Defendant |

_____/

**There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.  This amendment is for the purpose of adding Standard Insurance Company as a party and securing asses belonging to Defendant John E. Price, Jr. that they may hold.**

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, STATE TREASURER, by and through his attorneys, MICHAEL A. COX, Attorney General of Michigan and Victoria A. Reardon, Assistant Attorney General, and in support of his First Amended Complaint, states as follows:

1.     Plaintiff is the head of the Michigan Department of Treasury with responsibility for the collection of monies, claims and accounts due to the State of Michigan or any department or agency thereof.

2.     The Michigan Department of Corrections is a department of the State of Michigan.

Exhibit A - 4 pages

3. The Defendant, John E. Price, Jr., ("Price") is a state prisoner housed at the Oaks Correctional Facility, located at 1500 Caberfae Highway, Manistee, MI 49660, and is subject to the continuing jurisdiction of the Michigan Department of Corrections, having been sentenced to its jurisdiction on March 7, 2008 by a St. Clair County Circuit Court Judge.

4. This action is brought pursuant to the *State Correctional Facility Reimbursement Act* ("SCFRA"), MCL 800.401 *et seq.,* as amended.

5. The State of Michigan has expended a sum of money for the cost of care of Defendant Price and will continue to expend same during the entire period he is confined in a state correctional facility. An affidavit establishing these costs, as provided by the statute (MCL 800.406(2)), will be filed with the Court prior to the Show Cause hearing.

6. Plaintiff has information and believes that Defendant Price may have monetary assets in his prison account at the Oaks Correctional Facility.

7. Plaintiff has information and believes that Defendant Price has received $13,178.64 from long term disability benefits and these assets will be deposited into his prison account at Oaks Correctional Facility.

8. Plaintiff has information and believes that Defendant John E. Price, Jr. will receive monthly disability benefits from Defendant Standard Insurance Company ("Standard") in the amount of $1,098.22 per month

9. Plaintiff is aware of no other assets belonging to or possessed by Defendant Price other than those mentioned above.

10. Plaintiff will suffer immediate and irreparable injury, loss, or damage unless a receiver is appointed to protect and maintain the assets of Defendant Price as extensive experience with prisoners in state correctional facilities has shown that such persons rarely have assets to reimburse the state for the cost of incarceration, that such assets have generally been removed beyond the reach of Plaintiff upon notice of suit, and that he is possessed of no known assets other than those assets which are the subject matter of this cause. Plaintiff will have no

2

legal remedy absent the appointment of a receiver to prevent him from transferring monetary assets from his account, or from preventing him from disposing of these assets, pending the outcome of this action.

11. That pursuant to the provisions of MCL 800.404a(2), "[t]o protect and maintain assets pending resolution of an action under this Act, the Court, upon request, may appoint a receiver." (See also *Treasury Dep't v Turner*, 110 Mich App 228; 312 NW2d 418 (1981)).

12. That the warden of the correctional facility in which Defendant Price is housed, currently the Oaks Correctional Facility, is a fit and proper person to place a hold (freeze) on the monetary assets deposited in his prison account until further Order of this Court.

13. That Defendant Standard is a fit and proper party to be appointed as receiver of the monthly disability benefits of Defendant Price. Receivership is for the sole purpose of placing a hold (freeze) over his assets pending further Order of this Court.

14. That Defendant Price should be ordered to provide a full and complete accounting of all of his assets, including financial account locations, balances and account numbers and addresses and legal descriptions and valuations of any real estate holdings as required by MCL 800.403a, which provides:

> Sec. 3a. (1) A prisoner shall fully cooperate with the state by providing complete financial information for purposes under this act.

WHEREFORE, Plaintiff respectfully prays that:

(a) An Order to Show Cause be issued by this Honorable Court directing Defendant Price to show cause why an Order should not be entered appropriating and applying his assets toward reimbursing the State for expenses incurred, and to be incurred, by the State for the cost of his care.

(b) This Court enter an Order reimbursing the state for expenses incurred, and to be incurred, for the cost of care of Defendant Price.

(c)    This Court enter judgment for Plaintiff in the amount of 90% of Defendant Price's assets (not to exceed the actual total costs of his incarceration).

(d)    That the warden of the Oaks Correctional Facility, or any other facility in which Defendant Price may be housed, be ordered to place a hold on the monetary assets in his prison account until further Order of this Court.

(e)    Defendant Standard be appointed as receiver over the monthly disability benefits of Defendant Price.  Receivership is for the sole purpose of placing a hold (freeze) over his assets pending further Order of this Court.

(f)    That Defendant Price be ordered to provide a full and complete accounting of all of his assets, including financial account locations, balances and account numbers and addresses and legal descriptions and valuations of any real estate holdings as required by MCL 800.403a.

Respectfully submitted,

MICHAEL A. COX
Attorney General

Victoria A. Reardon (P41682)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140

Dated:  May 12, 2009

4

**STATE OF MICHIGAN**
**CIRCUIT COURT FOR THE 31ST JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY**

STATE TREASURER,

        Plaintiff,

                              Case No. 09-1289-CZ

v

                              Hon. Daniel J. Kelly

JOHN E. PRICE, JR., #679054 and
STANDARD INSURANCE COMPANY,

        Defendants.

_____/

| | |
|---|---|
| MICHAEL A. COX<br>Attorney General | JOHN E. PRICE, JR. #679054<br>Oaks Correctional Facility<br>1500 Caberfae Highway<br>Manistee, MI 49660<br>Defendant – In Pro Per |
| VICTORIA A. REARDON (P41682)<br>Assistant Attorney General<br>Cadillac Place<br>3030 W. Grand Blvd., Ste. 10-200<br>Detroit, MI 48202<br>(313) 456-0140<br>(313) 456-0291-Fax<br>Attorneys for Plaintiff | STANDARD INSURANCE COMPANY<br>900 SW Fifth Avenue<br>Portland, OR 97204-1235<br>(800) 368-1135<br>(971) 321-5109-Fax<br>Defendant |

_____/

**FINAL ORDER**

At a session of said Court, held in the City of
Port Huron, St. Clair County, Michigan on
_____Oct. 22, 2009_____

PRESENT: Hon. __DANIEL J. KELLY__
                          Circuit Court Judge

This matter is before the Court on a Complaint and this Court's May 8, 2009, Order requiring Defendant John E. Price ("Price") to show cause why assets held in his prison account and any assets belonging to him in the form of unpaid disability benefits held by Defendant Standard Insurance Company ("Standard") should not be appropriated and applied to reimburse the State for the cost of his confinement in a state correctional facility in accordance with the

*Exhibit B - 3 pages*

*State Correctional Facility Reimbursement Act* ("SCFRA"), MCL 800.401, *et seq.* Defendant Price objected on the ground that all of the assets were protected by the *Employee Retirement Income Security Act of 1974*, 29 USC 1001 *et seq.* ("ERISA"). Defendant Standard answered the Complaint by denying that disability benefits are due and owing to Defendant Price from Standard. This Court ordered Plaintiff to reply to Defendant Price's objection. Plaintiff submitted his brief on the ERISA issue and also does not dispute the Answer filed by Defendant Standard that Defendant Standard holds no funds due and owing to Defendant Price.

The Court has considered the written objections of Defendant Price, the Answer filed by Defendant Standard, the Plaintiff's response brief and all other submissions in this matter. Based on a review of the entire record, on October 1, 2009, this Court issued its *Opinion on the Appropriation of Defendant's Assets* finding that Defendant Price's assets are not protected by ERISA, that Defendant Price has failed to show cause as required by SCFRA, and that therefore the Plaintiff is entitled to the relief it requested in the Complaint.

**THEREFORE, IT IS ORDERED:**

Funds held in Defendant Price's prison account, or any subsequent facility if Defendant Price is transferred, shall be disbursed as follows:

a.    90% payable to the **"State of Michigan"** and electronically mailed to: Victoria A. Reardon, Department of Attorney General. This amount represents 90% of an outside deposit made to this prison account in May, 2009.

b.    10% of the assets shall remain in Defendant Price's account, including any amount attributed to prison wages are to remain in the account for the sole use by Defendant Price according to usual Department of Corrections' Directives.

Upon entry of this Order all receiverships or freezes on Defendant Price's prison account as established by previous Order of this Court in this matter shall be terminated except as described above.

Defendant Standard is hereby discharged from its appointment as receiver and is dismissed from this case.

2

Upon the above disbursement, this case shall be dismissed without prejudice, and without costs to any party.

This Final Order resolves the last pending claim in this matter and closes this case.

Date: 10-22-09

**DANIEL J. KELLY**

Hon. Daniel J. Kelly
St. Clair County Circuit Court Judge

A TRUE COPY
Marilyn Dunn
County Clerk

3

*prisoner Copy*

## STATE OF MICHIGAN
## CIRCUIT COURT FOR THE 31ST JUDICIAL CIRCUIT
## ST. CLAIR COUNTY

STATE TREASURER,

        Plaintiff,

K  '10 0 0 0 1 8 3

Case No. 10-      -CZ

v

Hon.

JOHN E. PRICE, JR., #679054, and
STANDARD INSURANCE COMPANY,

**DANIEL J. KELLY**

        Defendants.

_____/

C

MICHAEL A. COX
Attorney General

JOHN E. PRICE, JR. #679054
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI  49660
Defendant – In Pro Per

1-22-10

KATHLEEN A. GARDINER (P45245)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI  48202
(313) 456-0140
(313) 456-0291-Fax
Attorneys for Plaintiff

STANDARD INSURANCE COMPANY
900 SW Fifth Avenue
Portland, OR  97204-1235
(800) 368-1135
(971) 321-5109-Fax
Defendant

_____/

There is a resolved civil action arising out of the transaction or occurrence alleged in the complaint. One of the Defendants in that case, Case No. 09-1289-CZ, mistakenly informed Plaintiff that they had no more assets to pay to Defendant Price and Plaintiff agreed to dismiss them from the case. However, Standard Insurance Company has now informed Plaintiff that they are holding six months' worth of payments (approximately $6,600.00) and thus, Plaintiff is filing this new action seeking 90% of the asset.

## COMPLAINT

NOW COMES Plaintiff, STATE TREASURER, by and through his attorneys, MICHAEL A. COX, Attorney General of Michigan and Kathleen A. Gardiner, Assistant Attorney General, and in support of his Complaint, states as follows:

1.      Plaintiff is the head of the Michigan Department of Treasury with responsibility for the collection of monies, claims and accounts due to the State of Michigan or any department or agency thereof.

Exhibit C – 7 pages

22 JAN 2010

2.　　The Michigan Department of Corrections is a department of the State of Michigan.

3.　　The Defendant, John E. Price, Jr., ("Price") is a state prisoner housed at the Oaks Correctional Facility, located at 1500 Caberfae Highway, Manistee, MI 49660, and is subject to the continuing jurisdiction of the Michigan Department of Corrections, having been sentenced to its jurisdiction on March 7, 2008 by a St. Clair County Circuit Court Judge.

4.　　This action is brought pursuant to the *State Correctional Facility Reimbursement Act* ("SCFRA"), MCL 800.401 *et seq.,* as amended.

5.　　The State of Michigan has expended a sum of money for the cost of care of Defendant Price and will continue to expend same during the entire period he is confined in a state correctional facility. An affidavit establishing these costs, as provided by the statute (MCL 800.406(2)), will be filed with the Court prior to the Show Cause hearing.

6.　　Plaintiff has information and believes that Defendant John E. Price, Jr. will receive monthly disability benefits from Defendant Standard Insurance Company ("Standard") in the amount of $1,098.22 per month and that Defendant Standard Insurance Company is currently holding approximately $6,600.00 due to Defendant Price.

7.　　Plaintiff is aware of no other assets belonging to or possessed by Defendant Price other than those mentioned above.

8.　　Plaintiff will suffer immediate and irreparable injury, loss, or damage unless a receiver is appointed to protect and maintain the assets of Defendant Price as extensive experience with prisoners in state correctional facilities has shown that such persons rarely have assets to reimburse the state for the cost of incarceration, that such assets have generally been removed beyond the reach of Plaintiff upon notice of suit, and that he is possessed of no known assets other than those assets which are the subject matter of this cause. Plaintiff will have no legal remedy absent the appointment of a receiver to prevent him from transferring monetary

2

assets from his account, or from preventing him from disposing of these assets, pending the outcome of this action.

9. That pursuant to the provisions of MCL 800.404a(2), "[t]o protect and maintain assets pending resolution of an action under this Act, the Court, upon request, may appoint a receiver." (See also *Treasury Dep't v Turner*, 110 Mich App 228; 312 NW2d 418 (1981)).

10. That Defendant Standard is a fit and proper party to be appointed receiver over the monthly disability benefits of Defendant Price and the approximately $6,600.00 currently held for Defendant Price. Receivership is for the sole purpose of placing a hold (freeze) over his assets pending further Order of this Court.

11. Defendant Price is ordered to provide a full and complete accounting of all of his assets, including financial account locations, balances and account numbers and addresses and legal descriptions and valuations of any real estate holdings as required by MCL 800.403a, which provides:

> Sec. 3a. (1) A prisoner shall fully cooperate with the state by providing complete financial information for purposes under this act.

WHEREFORE, Plaintiff respectfully prays that:

(a) An Order to Show Cause shall be issued by this Honorable Court directing Defendant Price to show cause why an Order should not be entered appropriating and applying his assets toward reimbursing the State for expenses incurred, and to be incurred, by the State for the cost of his care.

(b) This Court enter an Order reimbursing the state for expenses incurred, and to be incurred, for the cost of care of Defendant Price.

(c) This Court enter judgment for Plaintiff in the amount of 90% of Defendant Price's assets (not to exceed the actual total costs of his incarceration).

3

(d)     Defendant Standard be appointed receiver over the monthly disability benefits of Defendant Price.  Receivership is for the sole purpose of placing a hold (freeze) over his assets pending further Order of this Court.

(e)     Defendant Price is ordered to provide a full and complete accounting of all of his assets, including financial account locations, balances and account numbers and addresses and legal descriptions and valuations of any real estate holdings as required by MCL 800.403a.

Respectfully submitted,

MICHAEL A. COX
Attorney General

Kathleen A. Gardiner (P45245)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140

Dated:  January 20, 2010

**STATE OF MICHIGAN**
**CIRCUIT COURT FOR THE 31ST JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY**

STATE TREASURER,

        Plaintiff,

        Case No. 10-    -CZ

v

        Hon.

JOHN E. PRICE, JR., #679054 and
STANDARD INSURANCE COMPANY,

          **DANIE      KELLY**

        Defendants.

_____/

MICHAEL A. COX
Attorney General

KATHLEEN A. GARDINER (P45245)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0291-Fax
Attorneys for Plaintiff

JOHN E. PRICE, JR. #679054
Oaks Correctional Facility   1-27-10
1500 Caberfae Highway
Manistee, MI 49660
Defendant – In Pro Per

STANDARD INSURANCE COMPANY
900 SW Fifth Avenue
Portland, OR 97204-1235
(800) 368-1135
(971) 321-5109-Fax
Defendant

_____/

**EX PARTE ORDER TO**
**SHOW CAUSE AND ORDER APPOINTING RECEIVER**

At a session of said Court, held in the City of
Port Huron, St. Clair County, Michigan on
Jan. 26, 2010
_____

PRESENT: Hon. **DANIEL J. KELLY**
             Circuit Court Judge

Plaintiff having requested an Amended Ex Parte Order to Show Cause and an Order Appointing Receiver.

IT IS ORDERED THAT:

1.     Defendant John E. Price, Jr. ("Price") shall appear on or otherwise respond prior to the _22nd_ day of March, 2010, at _10 a.m._ o'clock before the Hon. _Daniel J. Kelly_, Circuit Court Judge, and show cause why an Order should not be

entered appropriating and applying Defendant Price's assets to reimburse the State of Michigan for the cost of his confinement in a state correctional facility.

2. This Order shall be served on Defendant Price at least 30 days prior to the hearing set forth above.

3. If Defendant Price objects to the State's claim to 90% of his assets, then before the scheduled hearing date, he shall provide this Court and the Attorney General's office with a written response explaining the reasons for the objection. If he is not represented by counsel this response need not comply with the formal requirements of an Answer to the Complaint. An unrepresented Defendant may also request an opportunity to participate in any Court hearing, and the Court shall then exercise its discretion to determine the best method by which to accomplish this (including, but not limited to, a hearing on briefs alone, a telephone conference, or the execution of a writ to require his presence in person).

4. If at, or after, the time set for the above hearing the Court finds that Defendant Price has failed to respond, or that his response fails to show cause why the State should not be granted the relief it has requested, the Court may issue a Final Order disbursing the assets and dismissing this case.

5. If the Court finds that Defendant Price's response does show cause why the State should not immediately be granted the relief it has requested because an issue has been raised on which the Court wishes additional legal argument or presentation of facts, the Court shall dismiss the Order to Show Cause and Order any such pleadings or hearings as the Court deems appropriate, including the appointment of one or more receivers to hold the funds at issue. The case shall be placed upon the Court's regular docket.

6. Defendant Standard is appointed receiver over Defendant Price's unpaid monthly disability payments and the $6,600.00 it currently holds for Defendant Price. Receivership is for the sole purpose of placing a hold (freeze) over his assets pending further Order of this Court.

7. Defendant Price is required to provide a full and complete accounting of all of his assets, including financial account locations, balances and account numbers and addresses and legal descriptions and valuations of any real estate holdings as required by MCL 800.403a.

8.    This Order shall take precedence over any other Order or statutory direction for disbursement of monetary assets in this inmate's account.

Date:  _1-26-2010_                                    DANIEL J. KELLY

                                               St. Clair County Circuit Court Judge

A TRUE COPY
Marilyn Dunn
County Clerk

3

STATE OF MICHIGAN
CIRCUIT COURT FOR THE 31ST JUDICIAL CIRCUIT
ST. CLAIR COUNTY

STATE TREASURER
        Plaintiff,

V.                                          Case No. 10-000183-CZ

John E. Price #679054 and                   HON. DANIEL J. KELLY
STANDARD INSURANCE COMPANY
        Defendants,
_____/

MICHIGAN DEPT. OF CORR.                     MICHAEL A. COX
JOHN E. PRICE #679054                        Attorney General
Mound Corr. Fac.
17601 Mound Road                            KATHLEEN A. GARDINER (P41682)
Detroit, Michigan 48212                     Assistant Attorney General

                                            Counsel for the Plaintiff
STANDARD INSURANCE COMPANY                  Cadilac Place
900 SW Fifth Avenue                         3030 West Grand Boulevard
Portland, OR 97204-1235                     Detroit, Michigan 48202
(800) 368-1135                              (313)456-0140
(971) 321-5109-fax                          (313)456-0291-fax
        Defendant                           Attorneys for Plaintiff

_____

NOTICE

DEFENDANT'S NOTICE TO REMOVE A CIVIL ACTION

FROM A STATE COURT AND FILE AN ACTION IN

THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF MICHIGAN

    NOW COMES, the Defendant JOHN E. PRICE JR. #679054 in pro-per herewith places on notice, the Michigan State Treasurer, Standard Insurance Company and the Circuit Court for the 31st Judicial Circuit Court of Michigan, that pursuant to 28 U.S.C. § 1441 the Defendant seeks to remove case No. 10-000183-CZ from the 31st Judicial Circuit

Exhibit D - 2 pages

of Michigan, to the United States District Court for the Eastern District of Michigan for the following reasons;

1. Defendant has a right to remove from State court to Federal District Court, a civil action based on information found on the face of the complaint, esp., if the assets the State seeks are protected under the EMPLOYEE INCOME SECURITY ACT (ERISA). The State Law action is preempted by and within the civil enforcement provisions of ERISA, and or for Decloratory Judgment of Defendants rights under ERISA.

2. Pursuant to the Employee Income Security Act ERISA, section 502 (e) (1), a federal claim question is presented of which the Federal Courts have exclusive JURIDICTION.

## PROOF OF SERVICE

I, JOHN E. PRICE JR., certify that on March 30 ,2010, served by First Class mail, an original and one copy of this motion and an original clerk letter of filing, on the clerk of the 31st. Circuit Court, and one copy on the said counsel, and one copy on Standard Insurance Company, having placed each said in properly addressed envelopes and turning said over to Mound prison staff for mailing and processing.

Respectfully submitted,

PRICE #679054

March 30,2010

-2-

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



CADILLAC PLACE
3030 WEST GRAND BOULEVARD
DETROIT, MICHIGAN 48202

**MIKE COX**
ATTORNEY GENERAL

August 31, 2010

John E. Price, Jr. #679054
Mound Correctional Facility
17601 Mound Road
Detroit, MI  48212

**RE:   State Treasurer v John E. Price, Jr. #679054**
**Case No. 10-00183-CZ**

Dear Mr. Price:

As you know, this office has filed a prison reimbursement suit in an effort to recover 90% of your insurance benefits due from Standard Insurance Company under the State Correctional Facility Reimbursement Act (SCFRA), MCL 800.401 *et seq.*, to partially reimburse the State for your cost of care while incarcerated.

I propose the following settlement that would resolve the case and provide you with more than the 10% the statute provides for. I make this offer because litigation is costly, and the taxpayers will benefit if we are able to reach a fair settlement in this matter. Therefore, I propose the following: that you would retain 50% of the insurance proceeds and that the State would receive 50%. I have enclosed a stipulation to this effect.

If you agree to this resolution of this matter, please sign it and return it to me as soon as possible. Accepting this offer would provide you with five times the amount of money the prisoner reimbursement statute provides for. Please bear in mind that if you reject this one-time offer, the State will continue to pursue 90% of the assets at issue.



Thank you for your attention to this matter.

Sincerely,


Kathleen A. Gardiner
Assistant Attorney General
3030 W. Grand Blvd.
Suite 10-300
Detroit, MI  48202
(313) 456-0140
FAX (313) 456-0291

Enc.

Exhibit  E - 4 pages

**STATE OF MICHIGAN**
**CIRCUIT COURT FOR THE 31ST JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY**

STATE TREASURER,

                Plaintiff,

                                     Case No. 10-00183-CZ

v

                                     Hon. Daniel J. Kelly

JOHN E. PRICE, JR., #679054, and
STANDARD INSURANCE COMPANY,

                Defendants.
_____/

| | |
|---|---|
| MICHAEL A. COX<br>Attorney General | JOHN E. PRICE, JR. #679054<br>Mound Correctional Facility<br>17601 Mound Road<br>Detroit, MI  48212 |
| KATHLEEN A. GARDINER (P45245)<br>Assistant Attorney General<br>Cadillac Place<br>3030 W. Grand Blvd., Ste. 10-200<br>Detroit, MI  48202<br>(313) 456-0140<br>(313) 456-0291-Fax<br>Attorneys for Plaintiff | Defendant – In Pro Per<br><br>ANTHONY A. AGOSTA (P57355)<br>Clark Hill PLC<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI  48226<br>(313) 965-8523<br>Warren von Schleicher (*pro hac vice pending*)<br>SMITH, von SCHLEICHER & ASSOC.<br>39 S. LaSalle Street, Suite 1005<br>Chicago, Illinois  60603<br>(312) 541-0300<br>Attorneys for Defendant<br>Standard Insurance Company |

_____/

## STIPULATION AND ORDER

This matter having come before the Court on a Complaint and Order to Show Cause why an

Order should not be entered appropriating and applying the Defendant prisoner John E. Price, Jr.'s assets

to reimburse the State for the cost of Defendant prisoner's confinement in a State Correctional Facility

in accordance with the State Correctional Facility Reimbursement Act (SCFRA), being MCL 800.401,

1

*et seq.*, Defendant prisoner John E. Price, Jr. having been served on February 22, 2010 and the Court having been fully advised:

It is hereby stipulated and agreed by the undersigned as follows:

1. Defendant John E. Price, Jr. agrees that a portion of his assets be paid to the State of Michigan as partial reimbursement for expenses incurred for his incarceration. This amount is not to exceed the actual costs of incarceration.

2. Defendant, John E. Price, Jr., is incarcerated in a State of Michigan correctional facility, and during the period of incarceration, his legal address is the Michigan correctional facility in which he is confined, currently the Mound Correctional Facility, 17601 Mound Road, Detroit, MI 48212.

3. Defendant John E. Price, Jr. is ordered to notify the Standard Insurance Company, Portland, OR 97204-1235 within ten days of being served with a copy of this Order, that all benefits currently due to him from Standard Insurance Company and all benefits due him in the future shall be mailed to him by check made payable to "John E. Price, Jr. #679054" at the Mound Correctional Facility, 17601 Mound Road, Detroit, MI 48212. Within ten days of any transfer to a different facility, Defendant John E. Price, Jr. shall notify Standard Insurance Company of his new prison address.

4. The warden or his representative of the correctional facility where Defendant John E. Price, Jr. is confined, and the warden or his representative of any future correctional facility where Defendant John E. Price, Jr. may be housed, is ordered to make distributions from the prison account of Defendant John E. Price, Jr. resulting from the above-described payments from Standard Insurance Company in the following manner:

    a. 50% shall be paid to the State of Michigan by check made payable to the **"State of Michigan"** and electronically mailed to: Kathleen A. Gardiner, Prison

2

Reimbursement Section, Cadillac Place, 3030 W. Grand Blvd., Ste. 10-200, Detroit, MI 48202.

b.  50% shall be released to Defendant John E. Price, Jr., to be used for any legal purpose not otherwise prohibited by the Department of Corrections.

5.  This Order shall continue in effect until the Defendant, John E. Price, Jr., is released from the physical custody of the State of Michigan Department of Corrections. Upon entry of this order by the Court all other receiverships established by previous order of this Court shall be terminated and any and all account holds shall be released.

6.  Upon the above disbursements, this case shall be dismissed without prejudice, and without costs to any party.

7.  This Order resolves the last pending claim in this matter and closes this case.

Date: _____

_____
Kathleen A. Gardiner (P45245)
Attorney for Plaintiff

Date: _____

_____
Defendant John E. Price, Jr.

3



# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 10-14224 | **Judge:** Paul D. Borman | **Magistrate Judge:** R. Steven Whalen |

**Name of 1st Listed Plaintiff/Petitioner:**

JOHN PRICE

**Name of 1st Listed Defendant/Respondent:**

MIKE COX, ET AL

**Inmate Number:** 679054

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Mound Correctional Facility

17601 Mound Road
Detroit, MI 48212
WAYNE COUNTY

**BASIS OF JURISDICTION**
☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**
☐ 530 Habeas Corpus
☐ 540 Mandamus
☒ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☒ IFP *In Forma Pauperis*
☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes     ☒ No
   ➢ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes     ☒ No
   ➢ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____