**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN E. PRICE,

       Plaintiff,                      CASE NO. 10-cv-14224

v.                                      JUDGE PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

MIKE COX, et.al.,

       Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    INTRODUCTION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff John E. Price, currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, filed this *pro se* Civil Rights Complaint on October 21, 2010. Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying those standards, the Court dismisses the Complaint because the Court lacks subject-matter jurisdiction over Plaintiff's claims. The Court also concludes that an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir.1997).

**II.     BACKGROUND**

Pursuant to the Michigan Department of Corrections website, in 2008, a St. Clair County Circuit Court jury convicted Plaintiff of (1) two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520 (b), (2) two counts of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520 (c)(1)(a), (3) one count of third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520 (d), and (4) two counts of distributing obscene matter to a minor, MICH. COMP. LAWS § 722.675.  He was sentenced to concurrent prison terms of fifteen to forty years for each first-degree-criminal-sexual-conduct conviction, five to fifteen years for each second-degree-criminal-sexual-conduct conviction, seven to fifteen years for the third-degree-criminal-sexual-conduct conviction, and one to two years for the distributing conviction.  In his *pro se* Complaint, Plaintiff names the following as Defendants: (1) Former Michigan Attorney General Mike Cox, (2) Michigan Assistant Attorney General Kathleen Gardiner, (3) The Honorable Daniel Kelly, (4) Michigan State Treasurer Robert J. Kleine, (5) Michigan Assistant Attorney General Victoria Reardon, (6) Standard Insurance Company (Standard Insurance), and (7) the Michigan Department of Treasury.

Plaintiff alleges that Defendants, acting in concert, confiscated and took custody of his retirement pension, pension funds of $13,120, thereby violating both the Americans with Disabilities Act (ADA) and the Employee Retirement Income Security Act (ERISA).  According to Plaintiff, State Treasurer Kleine filed a Civil Complaint in St. Clair County Circuit Court, asserting that the Department of Treasury could use his pension funds for reimbursement of prison costs.  Assistant Attorney General Reardon filed an affidavit, which was attached to that Complaint and claiming the same.  Judge Kelly was assigned the case.  Plaintiff's Complaint, 4-5.

On May 8, 2009, Judge Kelly issued a Show Cause Order requiring Plaintiff to show cause why assets held in his prison account, and any assets belonging to him in the form of unpaid disability benefits held by Standard Insurance, should not be appropriated and applied to reimburse the State for the cost of his confinement. Plaintiff objected on the basis of ERISA. Standard Insurance submitted an Answer stating that it did not hold any funds due and owing to Plaintiff.

On October 1, 2009, Judge Kelly issued his Opinion on the appropriation of Plaintiff's assets, finding that his assets were not protected by ERISA, that he failed to show cause as required by the State Correctional Facility Reimbursement Act (SCFRA), and that the State of Michigan's Treasurer was entitled to the relief requested. On October 22, 2009, Judge Kelly issued his Final Order finding that ninety percent of the funds in Plaintiff's prison account were to be transferred to the State of Michigan. Standard Insurance was discharged from its appointment as Receiver and was dismissed from the case.

Subsequently, on January 20, 2010, the State Treasurer filed another Complaint, alleging that Plaintiff was now receiving monthly disability benefits from Standard Insurance and that Standard Insurance was holding approximately $6,600 for Plaintiff. The State Treasurer requested an Order to Show Cause and that Standard Insurance be appointed Receiver over Plaintiff's disability benefits.

On January 26, 2010, Judge Kelly issued another Order to Show Cause and appointed Standard Insurance as Receiver, resulting in Plaintiff's assets being frozen.

On August 31, 2010, Assistant Attorney General Gardiner sent Plaintiff a letter of proposal, stipulating a settlement; Plaintiff would retain fifty percent of the insurance proceeds and the State would receive fifty percent. There is no documentation that Plaintiff agreed to the stipulation.

Rather, on October 21, 2010, Plaintiff filed this Civil Rights Complaint, asserting that the above-stated actions violated his rights. He is seeking, among other things, monetary damages and declaratory relief.

### III. DISCUSSION

#### A. *Rooker-Feldman* Doctrine

The Court finds that Plaintiff's action is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine, derived from *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prohibits federal courts below the United States Supreme Court from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc., v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citing *Feldman*, 460 U.S. at 486-87). The Supreme Court clarified that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The purpose of the doctrine is to prevent "a party losing in state court [] from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 936-37 (6th Cir. 2002), *cert. denied*, 537 U.S. 1118 (2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The *Rooker-Feldman* doctrine includes cases brought under 42 U.S.C. § 1983 because of the "full faith and credit" given to state judicial proceedings. *Gottfied v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998) (citations omitted).

The instant action is a "paradigm situation in which *Rooker-Feldman* precludes a federal district court from proceeding." *Exxon Mobil Corp.*, 544 U.S. at 293 (quotations and citations omitted). From a reading of the pleadings, it appears that Plaintiff seeks review of a state-court order or orders entered before these federal district court proceedings commenced. Therefore, under the *Rooker-Feldman* doctrine, this Court is barred from reviewing the orders of the state circuit court. *See also Walters v. Cox*, 342 F.Supp.2d 670, 675 (E.D. Mich. 2004) ( *Rooker-Feldman* doctrine and full faith and credit statute preclude district court from reviewing state court decision that anti-alienation provision of ERISA did not prohibit seizure of prisoner's pension benefits to reimburse state for his incarceration costs). Plaintiff's proper recourse is to appeal the decision of the state circuit court to the Michigan Court of Appeals and the Michigan Supreme Court. If he does not get relief in the state appellate courts, he may then appeal to the United States Supreme Court. Accordingly, Plaintiff's Complaint is dismissed.

A claim dismissed on the basis of the *Rooker-Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994) (same); *Parker v. Phillips*, 27 F.App'x 491, 494 (6th Cir. 2001) (same).

5

**B.    Res Judicata**

Additionally, any claims Plaintiff now makes in this Court could have been raised in the Michigan state court proceedings, such that even apart from the *Rooker-Feldman* problem, they would be barred under the doctrine of res judicata.  As the Supreme Court noted in *Exxon Mobil Corp.*, the "Full Faith and Credit Act . . . requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'"  *Exxon Mobil*,544 U.S. at 293 (quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)).  Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims "arising out of the same transaction which the parties, exercising reasonable diligence, could have raised [in the prior action] but did not."  *Limbach v. Oakland Cnty. Bd. of Cnty Rd. Comm'r*, 226 Mich.App. 389, 396, 573 N.W.2d 336, 340 (1997) (citation omitted).

Application of the doctrine of res judicata in Michigan  requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. Nat'l Union Fire Ins.*, 223 Mich.App. 559, 562-63, 567 N.W.2d 456, 458 (1997) (1997).  "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Res.*, 232 Mich.App. 188, 197, 590 N.W.2d 747, 752 (1998), not whether the grounds asserted for relief are the same.  *Jones v. State Farm Ins. Co.*, 202 Mich.App. 393, 401, 509 N.W.2d 829, 834 (1993), *modified on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3, 526 N.W.2d 879, 880 (1994).

Accordingly, the Court also finds that Plaintiff's case clearly falls within the Michigan test for res judicata, and is also therefore subject to summary dismissal on that basis.

## IV. CONCLUSION

The Court concludes that Plaintiff's Civil Rights Complaint must be dismissed as frivolous under 28 U.S.C. § 1915A(b) because the Court lacks subject-matter jurisdiction.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $450 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless he is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $450 appellate filing fee in one lump sum.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 18, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 18, 2011.

S/Denise Goodine
Case Manager

7