UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN E. PRICE,

        Plaintiff,                      CASE NO. 10-cv-14224

v.                                        JUDGE PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

MIKE COX, et.al.,

        Defendants.
_____/

## OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

This is a civil rights case under 42 U.S.C. § 1983. On October 21, 2010, Plaintiff John E. Price filed this Civil Rights Complaint against Defendants, alleging that they acted in concert and confiscated and took custody of his retirement pension in violation of both the Americans with Disabilities Act (ADA) and the Employee Retirement Income Security Act (ERISA). According to Plaintiff's Complaint, in 2009, Defendant State Treasurer Kleine filed a civil complaint in St. Clair County Circuit Court, asserting that the Department of Treasury could use his pension funds for reimbursement of prison costs. Defendant Judge Kelly was assigned the case and found that the State Treasurer was entitled to the relief requested. Plaintiff's Complaint, 4-5.

On January 18, 2011, this Court issued an Opinion and Order, dismissing Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine[1] and res

---

[1] The *Rooker-Feldman* doctrine, derived from *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prohibits federal courts below the United States Supreme Court from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc., v. City*

judicata. The Court also certified that any appeal undertaken by Plaintiff would not be in good faith. *Price v. Cox*, No. 10-cv-14224, 2011 WL 163372 (E.D. Mich. Jan. 18, 2011).

Pending before the Court is Plaintiff's Motion for Reconsideration, filed on February 11, 2011. In his Motion, Plaintiff claims that the Court has subject-matter jurisdiction under ERISA, and that the *Rooker-Feldman* Doctrine and res judicata do not apply to his case. He also contends that the undersigned is biased and should therefore disqualify himself. For the reasons stated below, the Court denies the Motion.

## II. DISCUSSION

### A. Standard of Review

The Eastern District of Michigan Local Rule 7.1(h) allows a party to file a motion for reconsideration "within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). In order for a court to grant a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also Ragland v. Raby*, No. 08-15253, 2011 WL 65600 (E.D. Mich. Jan. 10, 2011) (same). As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.*

Similarly, motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605,

---

*of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citing *Feldman*, 460 U.S. at 486-87).

2

620 (6th Cir. 2005) (citation omitted). A motion brought pursuant to Rule 59(e) must be filed no later than twenty-eight days after entry of the judgment. Fed.R.Civ.P. 59(e).

Plaintiff's Motion was filed with the Court on February 11, 2011. It is signed "P All Rights Reserved" and dated January 25, 2011. The Court issued it Judgment in this case on January 18, 2011. Thus, Plaintiff's Motion is timely under both the Federal Rule and the Local Rule, even though it is not signed properly. Nevertheless, the Court addresses the Motion.

### B. The Motion for Reconsideration

#### 1. No Palpable Defect or Error in Opinion and Order

First, Plaintiff argues that the *Rooker-Feldman* doctrine and res judicata should not apply.

In the Court's Opinion and Order, the Court addressed why the *Rooker-Feldman* doctrine and res judicata apply to Plaintiff's case. *Price*, 2011 WL 163372, at *2-4. In his Motion, Plaintiff is now merely attempting to re-argue those issues which were already ruled upon by the Court when it dismissed his Complaint. *See Hence v. Smith*, 49 F.Supp.2d 549, 553 (E.D. Mich. 1999). He fails to present any new arguments in his Motion demonstrating a palpable defect in the Court's prior decision, or an error of law, newly discovered evidence, a change in controlling law, or manifest injustice warranting relief. Thus, the Court denies his Motion.

#### 2. No Disqualification of Undersigned

Second, in his Motion, Plaintiff makes a request that the undersigned disqualify himself.

Recusal of a district judge is governed by 28 U.S.C. § 455 which, in relevant part, provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see generally Liteky v. United States*, 510 U.S. 540 (1994) (discussing disqualification or recusal of a

judge). That standard is objective and is not based upon the subjective view of the party seeking recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (citations omitted).

Plaintiff alleges bias based upon the Court's resolution of his Civil Rights Complaint. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Plaintiff has pointed to nothing in the Court's handling of his case or the Court's rulings which demonstrate such a deep-seated antagonism. Therefore, Plaintiff's request is denied.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's "Motion for Reconsideration" [Dkt. # 8] is **DENIED**.

**SO ORDERED**.

DATED: 3-28-11

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE